1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LONNIE RAY CARTER,

        Plaintiff,

    v.

BERNIE WARNER, et al.,

        Defendants.

Case No. C11-5617BHS

ORDER ADOPTING REPORT
AND RECOMMENDATION

      This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable J. Richard Creatura, United States Magistrate Judge (Dkt. 19) and Plaintiff Lonnie Ray Carter's ("Carter") objections to the R&R (Dkt. 23), motion to compel (Dkt. 22), and motion for permanent injunction (Dkt. 24).

      On August 12, 2011, Carter filed a motion to proceed in forma pauperis and a proposed civil rights complaint.  Dkt. 1.  On August 26, 2011, Judge Creatura issued a show cause order requiring Carter to show why his proposed complaint should not be summarily dismissed for failure to state a claim.  Dkt. 5.  On January 25, 2012, Carter filed a First Amended Complaint.  Dkt. 16.  On January 31, 2012, Judge Creatura granted Carter's motion to proceed in forma pauperis (Dkt. 17) and accepted Carter's original complaint that was received by the Court on August 12, 2011 (Dkt. 18).  On February 1, 2012, Carter filed pages 21 to 46 of his amended complaint.  Dkt. 20.  On February 2, 2012, Judge Creatura issued the R&R recommending that Carter's amended complaint (Dkt. 16) be dismissed for failure to state a claim.  Dkt. 19.

ORDER – 1

On February 27, 2012, Carter filed objections to the R&R and argued that the R&R does not address the causes of action that were contained in the second part of Carter's amended complaint. Dkt. 23. Carter asserts that, due to the length of his amended complaint, prison officials required him to mail it in two separate envelopes. *Id*. The second envelope contained the portion of Carter's complaint that contained his second and third causes of action. *Id*. Although the Court had received the second part of Carter's amended complaint, it is unclear whether the second part has been considered. *Id*.

Upon review of Carter's entire amended complaint, the Court concludes that Carter's amended complaint should be dismissed for failure to state a claim. Carter requests a declaratory injunction that defendants violated his Eighth and Fourteenth Amendment rights. Carter, however, only asserts that defendants failed to follow RCW 72.09.270 when they released him from confinement on August 10, 2008. In other words, Carter fails to explain how his federal constitutional rights were violated by defendants' alleged acts of failing to follow a state law. Therefore, the Court dismisses Carter's amended complaint for failure to assert a cognizable legal theory.

(1) The R&R is **ADOPTED** as to the Court's authority to dismiss a complaint *sua sponte* and standards for a cognizable claim;

(2) The Court **DISMISSES** Carter's amended complaint based on a review of both parts of the amended complaint (Dkts. 16 & 20);

(3) Carter's other motions (Dkts. 22 & 24) are **DENIED as moot**; and

(4) The Clerk is directed to close this case.

DATED this 27th day of March, 2012.

BENJAMIN H. SETTLE
United States District Judge